(91 App. Div. 224.)

DRESNER v. FREDERICKS.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. LEASE—OCCUPANCY BY AGENT OF LESSEE—EVIDENCE.

Evidence *held* sufficient to sustain a finding that one who occupied premises as agent of the holder of a lease continued to occupy them simply as agent after the execution of an assignment of the lease to him, so that the assignor continued liable for the rent.

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Rachel Dresner against Hugo Fredericks. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

J. E. Brodsky, for appellant.

E. Eschwege, for respondent.

VAN BRUNT, P. J. This action was brought to recover from the defendant rents from the month of June to the month of October, 1899, as assignee of the lease of premises on Third avenue, in the city of New York. The lease was made by one Seymour Myers to one Herman Greitner, and was assigned by the lessee to one Frederick Hollender, who, on May 25, 1898, assigned said lease to the defendant. The complaint alleged that between the 25th of May, 1898, and the 6th of October, 1899, the defendant occupied the demised premises. The defendant, by his answer, admitted all the allegations of the complaint except as to his occupancy of the premises from May 25, 1898, to October 6, 1899; and alleged as a defense that on the 25th of April, 1899, he duly assigned the lease in question to one Keuling, and delivered the same and the possession of the premises to said Keuling on that day; and the question submitted to the jury was whether the defendant, upon the assignment of the lease to Keuling, surrendered the possession to him, or whether Keuling's possession was merely as the agent of the defendant, so that the defendant, notwithstanding the assignment of the lease to Keuling, remained in possession of the premises. It appears that during the time in which Fredericks was assignee of the lease prior to the 25th of April, 1899, Keuling was in possession of the premises, but the rent thereof was paid by the defendant, Fredericks. And it was claimed upon the part of the plaintiff that the possession was not in any manner changed, but that Keuling was in possession as agent of Fredericks after

April 25, 1899, as he had been prior to that time. The defendant, Fredericks, testified that he assigned the lease to Keuling on the 25th of April, 1899, and that he delivered possession to him at that time. There was some testimony offered of a conversation between Fredericks and one Bernstein, who was the agent of the landlord of the premises in Third avenue. This conversation took place about the 1st of May, 1899, and was in respect to the rent which was then due. Bernstein testified that Fredericks said to him that he should go up to the premises on Third avenue, and he would get his rent from his (Fredericks') agent, Mr. Keuling; that he went there, and did not get his rent; that he went back to Mr. Fredericks, who said, "Go back there again, and I will have it sent up there;" that he went back there again and got it; that was the first week in May. There was also introduced in evidence an application made by Fredericks on the 26th of April, 1899, for a liquor tax certificate, in which he stated that he was the only person interested in the business under the certificate thereby applied for, and that the business was to be carried on upon the premises in question. The defendant offered evidence that he was not in possession of the premises at all after the assignment of the lease to Keuling; that Keuling was carrying on the business there on his own account, and that he had nothing whatever to do with it. On this evidence the question was submitted to the jury as to whether Keuling occupied the premises only as the agent of Fredericks. Upon this issue the jury found a verdict in favor of the plaintiff.

We think upon this evidence that the question was properly submitted to the jury, and that the motions upon the part of the defendant to dismiss the complaint at the end of the case, and that the court should direct a verdict in his favor upon the ground that, after delivering up possession of the demised premises and the assignment of the lease, there was no liability whatever on the part of the defendant, were properly denied, there being evidence tending to show that Keuling's possession was in reality that of the defendant, Fredericks.

The judgment and order appealed from should be affirmed, with costs.

McLAUGHLIN, HATCH, and LAUGHLIN, JJ., concur.

INGRAHAM, J. I dissent. The rent sought to be recovered in this action was for the months of June, July, August, September, and October, 1899. The lease was for 10 years from May 1, 1894, made by Meyer, as landlord, to Greitner, as tenant. On September 14, 1897, the tenant, by a written assignment, assigned the indenture of lease to one Hollender, who, on the 25th day of May, 1898, assigned it to the defendant, under which the defendant entered into possession of the premises demised. The complaint alleges that the defendant occupied and controlled the premises demised between the 25th day of May, 1898, and the 6th day of October, 1899. This the answer denies, and as a defense alleges that on or about April 25, 1899, this defendant, by an instrument in writing under his hand and seal, assigned, transferred,

and set over unto one Keuling the lease mentioned in the complaint, and all right, title, and interest in and to the said lease, and delivered the same and the possession of the said premises to the said Keuling, who accepted the said assignment on the said day, and took possession of the demised premises mentioned in the lease.   Upon the trial the defendant took the affirmative, and offered in evidence the lease and the several assignments thereof from Greitner (tenant) to Hollender, from Hollender to the defendant, and from the defendant to Keuling.   The assignment from the defendant to Keuling was dated April 25, 1899, and recorded.   This assignment is not printed in the record, nor does it appear from the statement of the instrument whether or not it was under seal.   The defendant was then called as a witness, and testified that he had the lease and these assignments in his possession, and handed them to Keuling on the 26th day of April, 1899; that Keuling was then in possession of the premises, and had the keys thereof; that the defendant never had possession of the premises; that Keuling never worked for the defendant; that during the period the lease to the defendant by Hollender stood in his name, before he assigned it to Keuling, the place was being repaired, and during all that time Keuling was in possession; and that he never paid Keuling for his services, and did not employ him to stay there.   The plaintiff then offered in evidence an application for a liquor tax certificate dated the 26th of April, which was signed by the defendant, and which stated that he had made application for a liquor tax certificate; that he was the only person interested in the business to be carried on upon the premises; and this instrument was acknowledged on the same day.   The defendant then rested, and the plaintiff called a witness who testified that he was the agent of the landlord; that the first week in May he demanded of the defendant the rent of the premises, which presumably would be for the month of April; that the defendant told him to go to the premises, and the witness would get the rent from his agent, Mr. Keuling; that he called on Mr. Keuling, but did not get the rent, when, upon returning to the defendant, the defendant said, "Go back there again, and I will have it sent up there;" that he went back again, and got the rent, and after that time Keuling was in the place; that there was a sign on the door of the premises, "H. Keuling, Manager"; and that this sign was upon the premises during the period that the defendant was the assignee of the lease.   Upon rebuttal, the defendant denied that he had made the statement testified to that Keuling was his agent, and that Keuling ever was his agent or managed a business upon the premises for him, and testified that the business, during the time that he was the assignee of the lease, was in his name, and that he paid rent for the premises, and that Keuling during that period had charge of the place, and that after the 26th day of April, 1899, the date of the assignment, Keuling did business on his own account.   At the close of the case the defendant moved to dismiss the complaint, which motion was denied, and the defendant excepted, whereupon the trial judge submitted to the jury the question whether Keuling was the agent of the defendant after April 26, 1899, stating:

"If the assignment was only made for the purpose of pretending that tnere was an assignment, and if it, as matter of fact, was made to Mr. Keuling as

Mr. Fredericks' agent, and Mr. Keuling occupied the premises after the 26th day of April, 1899, as such agent, then I charge you that the plaintiff would be liable to recover in this action."

To this charge the defendant excepted, and the jury found a verdict for the plaintiff.

There being no privity of contract between the landlord and the defendant, the landlord can only recover by establishing that there was a privity of estate. Such privity existed during the period that the defendant was in the possession of the premises as assignee of the lease between the landlord and the original tenant. On the assignment of that lease by the defendant, however, that privity was destroyed, and the relation which was necessary to exist to make the defendant liable for the rent then terminated. The liability of the assignee of a lease is stated in McAdam on Landlord & Tenant (vol. 1, p. 801, § 242) as follows:

"But the assignee comes in only in privity of estate, and is liable by reason thereof only while he continues to be legal assignee; that is, while in possession under the assignment. * * * As before stated, an assignee is only liable for his own breaches of express or implied covenants in the lease which run with the land so long as he retains possession by himself or his tenants, and may relieve himself from subsequent liability by getting out of possession and assigning over irrespective of his objects or motives. He may do this without giving notice to the lessor, or obtaining his leave. * * * There is no fraud in the assigning of his interest by an assignee with a view of getting rid of the lease. He may assign it to a beggar, or a married woman, or a person leaving the kingdom, for the express purpose of relieving himself of liability under the covenants. It is not even necessary that the person to whom such assignment is made should take possession of the premises. * * * The assignment over by an assignee relieves him, because the transfer destroys the privity of estate, which is the only ground upon which the assignee is liable. Although the continued possession of the demised premises by an assignee of a lease after he has assigned the same may be evidence of fraud, and tend to show that the assignment was merely colorable, yet that fact, standing alone, is not sufficient to establish the invalidity of the assignment or render such assignee liable for rent subsequently accruing."

See, also, Am. & Eng. Enc. of Law, vol. 18 (2d Ed.) 673.

The liability of an assignee of the lease depending upon privity of estate created by the acceptance of an assignment of the lease and occupation of the premises under it, where there is an actual transfer of the lease accepted by the transferee, the privity of estate is at an end, and the foundation of the liability for rent subsequently accruing in the absence of a covenant to pay no longer exists. As was said by Judge Gilbert in Tate v. McCormick, 23 Hun, 218:

"Privity of estate is the sole foundation of the assign's liability. It follows, therefore, that an actual assignment by such assignee of his interest to another determines the privity of estate between him and the reversioners. A merely colorable or fictitious assignment of a lease, which does not accomplish an actual transfer of the interest of the assignor in the demised premises, but leaves him in the rightful possession and enjoyment thereof, is a nullity. But, if the assignment be absolute and valid, it operates at once to transfer the interest of the assignor, and that interest includes the possession of the demised premises. It is not necessary to the completion of the transfer that the second assignee should make an actual entry into possession of the demised premises. In contemplation of law, possession follows the deed. The possession of an assignor after he has made an assignment may be a badge of fraud, but, in the absence of evidence that the assignment was ineffectual to accomplish the

transfer which it purported to make, such continued possession by the assignor does not destroy its legal effect."

There is no question but that this assignment by the defendant to Keuling was sufficient to pass the legal title to the lease, and there is not the slightest evidence that this transfer was made to Keuling as agent for the defendant. The fact that the defendant characterized Keuling as his agent for the purpose of paying the rent which had accrued prior to the transfer does not tend to establish that the transfer of the lease, absolute on its face, was in fact made to Keuling as agent of the assignor. The answer alleges that this assignment was under seal. The description of the assignment in the record does not show whether or not this allegation was true. If the assignment was under seal, it is also settled that it could not be shown that, although absolute on its face, it was actually for the benefit of an undisclosed principal; but the assignment terminated the privity of estate that had existed between the landlord and the defendant by virtue of the transfer of the lease to the defendant, and thus destroyed the relation which was essential to the liability of the defendant for rent of the premises accruing subsequent to the assignment.

I think, therefore, that the judgment should be reversed.